<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Legacy Effects, LLC, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 10-2753 (SRC)(MAS) |
| Jerry Carter, et al., : | |
| Defendants. : | |

SHIPP, United States Magistrate Judge

<u>**REPORT AND RECOMMENDATION**</u>

This matter comes before the Court by way of Plaintiff Legacy Effects, LLC's (Plaintiff) application for an award of default judgment pursuant to Federal Rules of Civil Procedure 55, 37(b), 37(d) and 16(f)(1) against Defendants Jerry Carter and Carter & Consultants, LLC (collectively, "the Carter Defendants"). This Report and Recommendation ("R&R") is issued pursuant to the Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, the Undersigned respectfully recommends that the District Court enter default judgment against the Carter Defendants.

**I.      <u>Background As to All Defendants</u>**

On May 28, 2010, Plaintiff Legacy Effects, LLC ("Plaintiff") filed a complaint against Defendants Jerry Carter, Carter & Consultants, LLC, Jose M. Figueroa, Carlos B. Chorro, Automatic Data Processing, and United Payroll Professionals. (Docket Entry Number ("Doc.

No.") 1.) This matter was originally before the Honorable Peter G. Sheridan, U.S.D.J., however, on January 28, 2011, this matter was reassigned to the Honorable Stanley R. Chesler, U.S.D.J.

### A. Procedural Background as to Defendants Jose M. Figueroa, Carlos B. Chorro, Automatic Data Processing, and United Payroll Professionals

On July 19, 2010, Plaintiff moved for default judgment against Jose M. Figueroa, Carlos B. Chorro, and United Payroll Professionals (collectively, "the United Payroll Defendants"). (Doc. No. 12.) A clerk's entry of default as to the United Payroll Defendants was entered on July 19, 2010. On January 19, 2011, Defendant Automatic Data Processing was dismissed from the case by Judge Sheridan. (Doc. No. 24.) On March 16, 2011, Judge Chesler granted Plaintiff's motion for entry of default judgment against the United Payroll Defendants. (Doc. No. 35.) On August 3, 2011, the Undersigned entered an Order staying Plaintiff's application for entry of an award of default judgment and attorneys' fees against the United Payroll Defendants until all claims against the Carter Defendants were litigated. (Doc. No. 52.)

### B. Procedural Background as to Defendants Jerry Carter and Carter & Consultants, LLC

A motion to dismiss was filed by the Carter Defendants on August 2, 2010. (Doc. No. 14.) On September 7, 2010, Plaintiff filed a cross-motion for leave to file an amended verified complaint. (Doc. No. 18.) On January 25, 2011, Judge Sheridan granted the Carter Defendants' motion to dismiss, and granted Plaintiff's cross-motion for leave to file an amended verified complaint. (Doc. No. 25.) Plaintiff filed an amended complaint against the Carter Defendants on February 14, 2011. (Doc. No. 28.) On March 21, 2011, Plaintiff filed a second amended complaint against the Carter Defendants. (Doc. No. 36.) The attorney for the Carter Defendants filed a motion to withdraw on March 29, 2011. (Doc. No. 40.) On April 5, 2011, the Carter Defendants filed an answer to the amended complaint and a cross-claim against all Defendants.

1

(Doc. No. 42.) The Undersigned granted counsel's motion to withdraw on July 12, 2011, and required the Carter Defendants to have new counsel enter an appearance by August 19, 2011. (Doc. No. 51.) The Letter Opinion and Order provided that if Defendant Carter failed to retain new counsel, he was required to proceed *pro se* or risk entry of default against him. (Doc. No. 51.) Further, the Letter Opinion and Order specifically noted that as a corporate entity, if Carter & Consultants, LLC failed to retain new counsel, it could not appear before this Court and entry of default would be imminent.

On September 28, 2011, the Court conducted a telephone status conference with Plaintiff and the Carter Defendants. The Court then scheduled an in-person status/settlement conference for October 13, 2011. However, the Court converted the settlement conference into a telephone status conference due to the Carter Defendants' failure to respond to the Court. (Doc. No. 59.) Pursuant to the October 13, 2011 telephone status conference with the Court, the Parties were to engage in settlement discussions and notify the Court by October 18, 2011 if they were unable to reach agreement on settlement terms. The Parties were unable to reach a settlement, and thus the Parties were required to appear before the Court in-person on October 19, 2011 for a settlement conference; Defendants again failed to appear for the conference. (Doc. No. 60.) On November 22, 2011, Plaintiffs filed a motion for default judgment and attorney's fees and costs based on the Carter Defendants' failure to appear for the October 19, 2011 settlement conference.

The Undersigned scheduled an Order to Show Cause hearing for February 2, 2012, for the Carter Defendants to appear and explain to the Court their failure to participate in the litigation. The Court later rescheduled the hearing to March 27, 2012, and required a prehearing submission from the Carter Defendants by February 24, 2012. On March 27, 2012, the Carter Defendants failed to appear for the Order to Show Cause hearing. They also failed to file a

prehearing submission by February 24, 2012. The Court proceeded on the record to address Plaintiff's motion for attorney's fees and costs based on the Carter Defendants failure to appear for the October 19, 2011 in-person settlement conference. (Doc. No. 66.) The Undersigned entered an Order awarding Plaintiff $500.00 in attorney's fees as a partial reimbursement of the costs associated with Counsel's attendance at the October 19, 2011 Rule 16 Scheduling Conference. (Doc. No. 67.) The Court hand-delivered the April 3, 2012 Order to Defendant Jerry Carter on May 2, 2012 when he appeared before the Honorable Claire C. Cecchi, U.S.D.J., for a criminal matter.

## II. <u>Discussion</u>

The entry of default judgment against a party who has "failed to plead or otherwise defend" an action is authorized by Federal Rule of Civil Procedure 55(a). Further, it has been recognized that broad interpretation is given to the meaning of "otherwise defend," and it is well established that the imposition of a default judgment as a sanction for a party's improper pretrial conduct, even though that party has filed an answer in the lawsuit, is appropriate. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 917 (3d Cir. 1992) (entry of default appropriate where party failed to comply with order to obtain substitute counsel, file a pretrial memorandum, and respond to discovery requests). Similarly, a District Court is also afforded discretion under Federal Rule of Civil Procedure 37 to impose sanctions against a party, including the entry of default, for failing to comply with a court order or failing to respond to properly served interrogatories. *Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988) (entry of default judgment on the merits determined to be an appropriate sanction based on party's numerous discovery abuses and significant pattern of delay).

To determine whether a sanction of dismissal or default is appropriate, the court in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), identified six factors that the court must consider: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary;" (3) whether there has been a history of dilatoriness; (4) whether the party or attorney's conduct was made in bad faith or willful; (5) the effectiveness of alternative sanctions; "and (6) the meritoriousness of the claim or defense." No particular *Poulis* factor is controlling; the factors must be balanced by the court to determine if a dismissal or entry of default is appropriate, and dismissal or entry of default can be granted even when some of the factors are not met. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003) (citing *Curtis T. Bedwell & Sons, Inc.*, 843 F.2d at 693-94) ("while 'prejudice' for the purpose of the analysis" to dismiss "under Fed. R. Civ. P. 37(b)(2)(B) does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively" a "complete trial strategy is sufficiently prejudicial.").

Consideration of the relevant factors leads this Court to conclude that an entry of default is warranted for the Carter Defendants' failure to produce discovery, failure to abide by several Court Orders, and failure to actively participate and defend this action. Specifically, pursuant to Plaintiff's submissions, "Defendants have made no attempt to respond to [Plaintiff's] interrogatories…, and have failed to comply with other several unambiguous Orders." (Doc. No. 61-1 ("Mot. for Entry of Default J.") 5.) The Carter Defendants are personally responsible for their failure to actively participate in this action. Defendant Carter was required to obtain new counsel by August 19, 2011 or proceed *pro se*, and the Corporation was required to obtain new counsel by August 19, 2011 or risk the imminent entry of default judgment. The Carter

Defendants have continued to be unresponsive, and are solely responsible for the failures that have caused Plaintiff prejudice in litigating the present matter.

Further, the Carter Defendants' failure to meet scheduling orders and respond to discovery has clearly prejudiced Plaintiff in this action. As argued by Plaintiff, the Carter Defendants' "noncompliance and complete lack of responsiveness has prevented discovery from commencing in any meaningful manner and has hindered [Plaintiff's] ability to effectively prepare its case." (Mot. for Entry of Default J. 5.) Specifically, the Carter Defendants failed to attend the October 19, 2011 in-person settlement conference and the March 27, 2012 Order to Show Cause hearing. The Carter Defendants have a history of dilatory behavior, and the docket entries and Orders issued in this matter clearly evidence their unresponsiveness.

The Carter Defendants have also proceeded in this case in bad faith. Specifically, after the start time of the October 19, 2011 in-person settlement conference passed, this Court called Defendant Carter four times on his cell phone. During the first two phone calls with this Court, Defendant Carter actually assured the Court that he was en route. During the last two phone calls, Defendant Carter failed to answer his phone at all. The Court, as well as opposing counsel, waited for over two hours, but Defendant Carter failed to appear.

In this matter, the Undersigned has no reason to believe that any alternative sanctions are appropriate. The Carter Defendants failed to appear for an in-person settlement conference, failed to appear for a Show Cause hearing, and failed to submit any documents to the Court to account for his behavior. The Carter Defendants have continuously and contumaciously failed to cooperate in discovery over an extended period of time, have repeatedly failed to obey the Court's scheduling and other pretrial Orders, and have failed to actively defend or attempt to resolve this action in good faith. Further, there is nothing in the record which convinces the

5

Court that the Carter Defendants intend to rectify their actions or otherwise prosecute this case going forward.[1] The Carter Defendants' conduct was willful, and it is impossible for the Court to manage a case that the Carter Defendants refuse to prosecute. Therefore, the Undersigned recommends that the Court enter default judgment against the Carter Defendants.

### III. Conclusion

Based on the foregoing reasons, and for good cause shown, the Undersigned respectfully recommends that this Court enter default judgment against the Carter Defendants.

Respectfully submitted,

_____
HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

Dated: May 18, 2012

---

[1] The Court hand-delivered additional copies of its April 3, 2012 Order to Defendant Carter on May 2, 2012, when he appeared for a criminal matter in the Federal Courthouse. Defendant Carter has yet to correspond with the Court in any way whatsoever regarding this matter.