<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEGACY EFFECTS, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JERRY CARTER, et al., : <br> : <br> Defendants. : <br> : <br> : | Civil Action No. 10-2753 (SRC) <br><br> **OPINION** |

<u>**CHESLER**</u>, District Judge

     This matter comes before the Court upon Plaintiff Legacy Effect, LLC's ("Plaintiff") or "Legacy Effects") motion for entry of default judgment against Defendants Jerry Carter and Carter & Consultants, LLC (the "Carter Defendants") pursuant to Federal Rules of Civil Procedure 55 and 37 [docket entry 61]. Plaintiff's request for this relief is grounded in the argument that the Carter Defendants have failed to produce discovery, to abide by several Court orders and to actively participate and defend this action. In addition, Plaintiff has asked that, pursuant to Federal Rule of Civil Procedure 16(f), the Court order the Carter Defendants to pay reasonable expenses, including attorneys' fees, that Plaintiff incurred as a result of the Carter Defendants' noncompliance with the Court's order to appear at a settlement conference. The District Court referred Plaintiff's motion to Magistrate Judge Shipp for a Report and Recommendation ("R&R") pursuant to Fed. R. Civ. P. 72(b), L. Civ. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1). Judge Shipp issued the R&R on May 18, 2012.

Judge Shipp's R&R details numerous instances of the Carter Defendants' failure to appear before the Magistrate Judge for various court-ordered conferences and proceedings, including a hearing upon an Order To Show Cause requiring them to explain their failure to defend this action.  The Carter Defendants also did not file a pre-hearing written submission as required.  The R&R further notes that Plaintiff has been prejudiced as a result of the Carter Defendants' failure to respond to discovery.  It concludes that the Carter Defendants have proceeded in bad faith, describing an instance in which Defendant Jerry Carter assured the Court he was en route to a conference, made the Court and opposing counsel wait for him for over two hours, and ultimately never arrived and stopped answering his phone.

Judge Shipp recommends that this Court enter default judgment against the Carter Defendants pursuant to Federal Rules of Civil Procedure 37 and 55.  Rule 55 authorizes entry of default judgment against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a) & (b).  Rule 37, which governs sanctions that may be imposed for a party's failure to cooperate in the litigation or comply with court orders, permits the Court to "dismiss the action . . . or render a judgment by default against the disobedient party." <u>Roadway Express v. Piper</u>, 447 U.S. 752, 763 (1980) (citations omitted); <u>see also</u> Fed. R. Civ. P. 37(b)(2)(A) & 37(d)(3).  The time for filing objections to the R&R has expired. 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  No objections to it have been filed.  This Court has reviewed Judge Shipp's R&R.  It accepts and agrees with Judge Shipp's findings and recommendation in whole.  The Carter Defendants' continuous failure to cooperate, obey the Court's orders and actively participate in this action in good faith

2

warrant imposing the sanction of entry of default judgment against them pursuant to Rule 37.

Accordingly, this Court will adopt the R&R issued on May 18, 2012 [docket entry 68] as the opinion of the Court and will grant Plaintiff's motion for entry of default judgment against the Carter Defendants pursuant to Federal Rules of Civil Procedure 55 and 37.  Moreover, the Court concludes that, on the record before it, Plaintiff has demonstrated that it is appropriate to impose sanctions, pursuant to Rule 16(f)(2), on the Carter Defendants for their failure to appear at a Court-ordered settlement conference on October 19, 2011.  The Court has reviewed the Declaration of Mark Trokan, attorney for Plaintiff, regarding attorneys' fees and other reasonable expenses but finds that the Declaration and attached exhibits do not adequately support the requested amount sought by Plaintiff pursuant to Rule 16(f).  The Court will, however, provide Plaintiff an opportunity to submit attorney billing records and any other proofs which show the reasonable fees and expenses incurred by Plaintiff in connection with Mr. Trokan's appearance at the October 19, 2011 conference.

An appropriate form of Order will be filed.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: June 7, 2012